FILED

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ZIMMERMAN, | No.   20-80170 |
| Plaintiff-Petitioner, | D.C. No. 3:19-cv-04591-VC<br>Northern District of California,<br>San Francisco |
| v. | |
| FACEBOOK, INC.; et al., | ORDER |
| Defendants-Respondents. | |

Before:  CANBY, PAEZ, and GRABER, Circuit Judges.

Petitioner has filed a petition for permission to appeal the district court's October 2, 2020 partial dismissal of his civil case.  A review of the record and the parties' filings, however, reveals we lack jurisdiction to consider the petition.

In his petition, petitioner cites Federal Rule of Appellate Procedure 5.  Rule 5 merely describes the process by which a petitioner may "request permission to appeal when an appeal is within the court of appeals' discretion."  Fed. R. App. P. 5(a)(1).  Petitioner, however, has cited no statute or rule which grants this court discretionary jurisdiction in these circumstances.  Additionally, the district court did not certify its partial dismissal for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *See Couch v. Telescope, Inc.*, 611 F.3d 629, 632-33 (9th Cir. 2010).

To the extent that the petition is construed as a notice of appeal, jurisdiction is still lacking.  First, the district court's order is not a "final order" for purposes of

KWH19-19/MOATT

28 U.S.C. § 1291.  *See Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017).  Second, the district court expressly denied certification under Federal Rule of Civil Procedure 54(b), and that decision is not appealable.  *See McCall v. Deeds*, 849 F.2d 1259 (1988) (mem.).

**DISMISSED.**